RECEIVED
CHARLOTTE, N.C.
MAY 10 2005
Clerk, U.S. Dist. Court
W. Dist. of N.C.

FILED
ASHEVILLE, N.C.
MAY 12 2005
U.S. DISTRICT COURT
W. DIST. OF N.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| DONNA J. VAUGHN, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL NO. 1:04CV233 |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) |
| Defendant. | ) |

## CONSENT ORDER WITH REMAND
## PURSUANT TO SENTENCE FOUR OF 42 U.S.C. SECTION 405(g)

The United States of America has moved this Court, pursuant to sentence four of 42 U.S.C. section 405(g), to enter a judgment reversing the defendant Commissioner's decision with a remand of the cause to the defendant Commissioner for further administrative proceedings.

On remand to the Commissioner, the Administrative Law Judge (hereinafter "ALJ") will reconsider the severity of Plaintiff's impairments in light of her subsequent allowance; obtain supplemental vocational expert testimony as to the existence of jobs in the national economy that Plaintiff can perform within her residual functional capacity; and, in accordance with Social Security Ruling 00-4p, the ALJ will ask the vocational expert if his/her testimony conflicts with information contained in the Dictionary of Occupational Titles and, if so, the ALJ will resolve any inconsistencies.

Pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the Commissioner's decision with remand in Social Security actions under sentence four of 42 U.S.C. section 405(g), and in light of the Commissioner's and Plaintiff's request to remand this action for further proceedings, this Court hereby:

RECEIVED
MAY 12 2005

**REVERSES** the Commissioner's decision under sentence four of 42 U.S.C. section 405(g) with a remand of the cause to the Commissioner for further proceedings. See Melkonyan v. Sullivan, 501 U.S. 89 (1991). The Clerk of the Court will enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure. As there remains no justiciable dispute pending between the parties, upon the Clerk's entry of judgment, the Court's jurisdiction over this case shall terminate except for purposes of consideration and determination of motions for attorneys fees, including any motion for such fees under the Equal Access to Justice Act (EAJA). Plaintiff shall have thirty (30) days from final judgment in which to file any motion for attorneys fees under EAJA in this matter.

This ___26th___ day of May, 2005.

_____
DENNIS LEE HOWELL
UNITED STATES MAGISTRATE JUDGE


_____
PAUL B. TAYLOR
ASSISTANT UNITED STATES ATTORNEY
CHIEF OF THE CIVIL DIVISION


_____
JASON L. WILSON
COUNSEL FOR THE PLAINTIFF (Donna J. Vaughn)